IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY J. BIGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3359 |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

SUE E. MYERSCOUGH, U.S. District Judge:

A Report and Recommendation was entered in this case on January 30, 2013 by U.S. Magistrate Judge Byron G. Cudmore. See d/e 21. Magistrate Judge Cudmore recommends that Defendant Commissioner's Motion for Summary Affirmance be allowed (d/e 18) and that Plaintiff Larry Bigham's Motion for Summary Judgment be denied (d/e 15). The time for objections has passed, and no objections have been filed. After review of Magistrate Judge Cudmore's Report and Recommendation, the Court finds that none of the recommendations are clearly erroneous.

Therefore, the Court ACCEPTS Magistrate Judge Cudmore's Report and Recommendation.

## ANALYSIS

In his Motion for Summary Judgment, Plaintiff challenged the Commissioner of Social Security's Final Decision which adopts the Administrative Law Judge's findings that deny Plaintiff's claim for disability benefits. Specifically, Plaintiff argued that the Administrative Law Judge erred by (1) finding Plaintiff and Jeanne Bigham's testimony regarding Plaintiff's seizures not credible; (2) determining that Plaintiff's type II diabetes does not constitute a severe impairment; and (3) failing to determine whether Plaintiff's seizures meet a listed seizure disorder. See d/e 14, Ex. 1 at 10-21.

Courts must review the Decision of the Commissioner to determine whether it is supported by substantial evidence. Courts must consider the evidence before the Administrative Law Judge when making this review. Wolfe v. Shalala, 997 F.2d 321, 322 n.3 (7th Cir. 1993). Courts must accept the findings of the Administrative Law Judge if they were supported by substantial evidence and may not substitute its judgment.

Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). Courts will not review the credibility determinations of an Administrative Law Judge unless those determinations lack any explanation or support in the record. Elder v. Astrue, 529 F.3d 408, 413-15 (7th Cir. 2008). Conclusions of law, however, are not entitled to such deference. Where the Commissioner commits an error of law, the reviewing body must reverse the decision regardless of the volume of evidence supporting the factual findings. Schmidt v. Astrue, 496 F.3d 833, 841 (7th Cir. 2007). Based on this standard of review, Magistrate Judge Cudmore determined in his Report and Recommendation that none of Plaintiff's arguments warrant reversal of the Commissioner's final decision.

Magistrate Judge Cudmore's Report and Recommendation is now before this Court for review. At this stage, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed.R.Civ.P. 72(b). The Court must

review de novo the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Since no objections were filed, the Court reviews Magistrate Judge Cudmore's Report and Recommendation for clear error.

First, Magistrate Judge Cudmore found support in the record for the Administrative Law Judge's finding that Plaintiff and Jeanne Bigham's testimony about Plaintiff's seizures was not credible. Plaintiff and Jeanne Bigham testified at Plaintiff's November 17, 2010 hearing that Plaintiff had "big" seizures every week, even when he was taking seizure medication. See d/e 21 at 22; see also d/e 12, Ex. 3 at 50, 70. But in October 2010, Plaintiff had reported to medical personnel at the Springfield, Missouri Veterans Affairs medical center having had no "breakthrus" for three to four weeks after running out of medicine. See d/e 21 at 22; see also d/e 12, Ex. 9 at 112.

The Administrative Law Judge understood this to mean breakthrough seizures.  See d/e 12, Ex. 3 at 25-26.  Breakthrough seizures occur after a patient misses medication or experiences sleep deprivation.  ORIN DEVINSKY, MD, EPILEPSY: PATIENT AND FAMILY GUIDE (3d ed.).  Plaintiff does not contest the Administrative Law Judge's conclusion regarding the "breakthroughs" referenced in Plaintiff's Veterans Affairs medical records.  See d/e 21 at 22; see also d/e 14, Ex. 1; d/e 20.

Further, Magistrate Judge Cudmore noted that Plaintiff claims he kept seizure logs from June 18, 2009 until a couple of months before his November 17, 2010 hearing before the Administrative Law Judge.  See d/e 21 at 22; see also d/e 12, Ex. 3 at 52-53.  Yet, Plaintiff did not produce these records, nor did he provide them to his attorney.  See d/e 12, Ex. 3 at 52-53.  Additionally, no copies of these logs exist in the medical records.  See d/e 21 at 22.  Magistrate Judge Cudmore's analysis of the record demonstrates that the Administrative Law Judge's credibility finding has support in the record.  See Elder, 529 F.3d at 413-

15. Therefore, Magistrate Judge Cudmore's decision regarding the Administrative Law Judge's credibility finding is not clearly erroneous.

Magistrate Judge Cudmore also found that relevant evidence supports the Administrative Law Judge's decision that Plaintiff's type II diabetes is not a severe impairment. An impairment is severe if it "significantly limits an individual's ability to do basic work activities." Taylor v. Schweicker, 739 F.2d 1240, 1242-43 (7th Cir. 1984) (citing 20 C.F.R. § 404.1521(a)). This requires a threshold showing that the impairment has an effect on a person's functional abilities to work that is more than minimal. See Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

Magistrate Judge Cudmore correctly notes that Plaintiff never testified that his type II diabetes prevents him from working. See d/e 21 at 25; see also d/e 12, Ex. 3 at 64. Instead, Plaintiff testified that he could not work because of his breathing problems, injuries from his car accident, and his seizures. See d/e 21 at 25 (citing d/e 12, Ex. 3 at 49.). Moreover, Plaintiff testified that he had gained control of his type II diabetes since visiting the Veterans Affairs medical center and getting back on his medication. See d/e 21 at 25 (citing d/e 12, Ex. 3 at 64).

The Administrative Law Judge used this relevant evidence regarding Plaintiff's type II diabetes to determine that Plaintiff's type II diabetes does not constitute a severe impairment. Based on this evidence, a reasonable mind could accept as adequate the Administrative Law Judge's decision. See Richardson, 402 U.S. at 401. Therefore, Magistrate Judge Cudmore did not clearly err by accepting the Administrative Law Judge's decision regarding Plaintiff's type II diabetes.

Finally, Magistrate Judge Cudmore determined that the Administrative Law Judge's failure to determine whether Plaintiff's seizures meet a listed seizure disorder constitutes harmless error. See d/e 25. See also Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010) (finding remand unnecessary where any error was harmless).

To establish a listed seizure disorder, a claimant must provide evidence of professional observation or testimony by witnesses other than the claimant. 20 C.F.R. Part 404, Subpart P, Appendix 1, Rule 11.02/03. Magistrate Judge Cudmore correctly notes that the record contains no professional observation of any seizure and that Plaintiff has failed to

produce the seizure log that documents the frequency of his alleged seizures. See d/e 21 at 26.

Further, Magistrate Judge Cudmore found that Jeanne Bigham's testimony is the only other evidence that definitively supports Plaintiff's alleged seizure disorder. See d/e 21 at 26. However, the Administrative Law Judge found Jeanne Bigham's testimony was not credible. Magistrate Judge Cudmore found it unnecessary to remand the case to determine if Plaintiff meets a listed seizure disorder based on Jeanne Bigham's testimony. See d/e 21 at 26.

The evidence before Magistrate Judge Cudmore does not support Plaintiff's claim that Plaintiff meets a listed seizure disorder. Therefore, Magistrate Judge Cudmore did not clearly err when he determined that the Administrative Law Judge committed harmless error by failing to determine whether Plaintiff's alleged seizures meet a listed seizure disorder.

IT IS THEREFORE ORDERED THAT:

(1)    The Report and Recommendation (d/e 21) is ACCEPTED by this Court because Magistrate Judge Cudmore did not clearly err when he

determined that none of Plaintiff's arguments support reversal of the Social Security Commissioner's final decision; and

(2)   Defendant's Motion for Summary Affirmance (d/e 18) is allowed and Plaintiff's Motion for Summary Judgment is denied (d/e 15).

THIS CASE IS CLOSED.

ENTER: March 26, 2013

FOR THE COURT:                    s/ Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE